IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ERIC DAWSON**                                                                 **PLAINTIFF**

vs.                                              No. 5:20-cv-894

**AIR TRANSPORT INTERNATIONAL, INC.**                          **DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Eric Dawson ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Air Transport International, Inc. ("Defendant"), he states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

### II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business in this District.

5. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

### III.   THE PARTIES

7. Plaintiff Eric Dawson is an individual and a citizen and resident of Bexar County.

8. Defendant Air Transport International, Inc. ("ATI"), is a foreign, for-profit corporation registered to do business in Texas.

9. ATI's registered agent for service is Corporation Service Company—Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

10. Defendant maintains a website at https://www.airtransport.cc/.

### IV.   FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

12. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

13. Defendant was at all times relevant hereto Plaintiff's employer and is and has been engaged in the interstate commerce as that term is defined under the FLSA.

14. Defendant operates a US passenger and cargo airline with locations across the United States including several in Texas.

15. Plaintiff was hired by Defendant as a salaried employee at Defendant's location in San Antonio during the three years preceding the filing of this Complaint.

16. At all relevant times herein, Defendant directly hired Plaintiff to work at its job sites, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

17. At all times material hereto, Plaintiff was entitled to the rights, protection and benefits provided under the FLSA.

18. Plaintiff worked for Defendant as a salaried Supervisor from December of 2019 until April of 2020.

19. Defendant classified Plaintiff as exempt from the FLSA and did not pay him an overtime premium for all hours worked over forty (40) each week.

20. Plaintiff regularly worked in excess of forty (40) hours per week.

21. Plaintiff's primary job duties were to fly to various global job sites, inspect aircraft, and perform mechanical aircraft repairs.

22. Plaintiff did not hire or fire any other employee, and although Plaintiff sometimes made recommendations for firing, no particular weight was given to his recommendations.

23. Plaintiff did not direct the work of any other employees.

24. Plaintiff did not manage the enterprise or any customarily recognized department or subdivision of the enterprise.

25. Plaintiff did not exercise discretion or independent judgment with respect to matters of significance.

26. Plaintiff was misclassified by Defendant as exempt under the FLSA and was not paid an hourly rate of one and one-half times his regular rate of pay for all hours worked over forty (40) per week.

## V. CAUSE OF ACTION
### (Claim for Violation of the FLSA)

27. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

28. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

29. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

30. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

31. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

32. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

33. Despite the entitlement of Plaintiff to overtime payments under the FLSA,

Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

34. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

35. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Eric Dawson respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E. Judgment for liquidated damages pursuant to the FLSA;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorneys' fees and all costs connected with this action;

G. For a reasonable attorneys' fee, costs, and pre-judgment interest; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ERIC DAWSON**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com